[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2009
THOMAS K. KAHN
CLERK

No. 08-10659

_____

D.C. Docket No. 06-00147-CR-J-33-MCR

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MYRON CHRISTOPHER CANTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2009)

Before CARNES, HULL, and COX, Circuit Judges.

COX, Circuit Judge:

We consider in this appeal whether a defendant's sentence was properly enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("the ACCA" or "the statute"). We hold that, pursuant to recent decisions of the Supreme

Court and this court, convictions for carrying a concealed firearm should not be treated as violent felonies under the statute. And, concluding that the record does not support a finding of three violent felonies or serious drug crimes necessary to apply the ACCA enhancement, we vacate the sentences and remand for resentencing.

## I. FACTUAL BACKGROUND

After pleading guilty to possession of counterfeit federal reserve notes in violation of 18 U.S.C. § 472, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Myron Canty's sentence was enhanced pursuant to the ACCA, which called for a fifteen-year mandatory minimum sentence. The ACCA provides that, when a defendant sentenced for a violation of 18 U.S.C. § 922(g) has three or more prior convictions for violent felonies or serious drug crimes "committed on occasions different from one another," the mandatory minimum prison sentence is fifteen years. 18 U.S.C. § 924(e)(1).

The presentence investigation report (PSR) prepared by the probation office recommended sentencing Canty as an armed career criminal. The PSR listed all of Canty's prior convictions but did not specify which of these convictions were violent felonies or serious drug offenses under the ACCA. At the sentencing hearing, the Government made no objections to the PSR and pursued an ACCA sentence.

Canty objected to the PSR because it included facts and circumstances of Canty's prior crimes taken from arrest and booking reports. Canty argued that because arrest and booking reports are not documents the court may rely upon to determine whether a defendant's prior crimes are proper predicate convictions for application of the ACCA, the PSR should not include facts taken from those reports. In support of this argument, Canty cited *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), which limits a sentencing court to examination of the charging document, the terms of a plea agreement, the transcript of a plea colloquy in which the factual basis for the plea was confirmed by the defendant, or "some comparable judicial record of this information" to determine if the crime to which a defendant has pleaded guilty fits the definitions of crimes upon which an ACCA enhancement can rest. *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.

The Government responded to Canty's *Shepard* objection by adopting the addendum to the PSR. The relevant part of that addendum states:

> It is the [Probation] Office's understanding of *Shepard*, that the case limits the sentencing court to consideration of [the charging document, terms of a plea agreement, the transcript of a plea colloquy or other such documentation] when the facts from the police report are used to *support* a conviction; strictly speaking, in *Shepard*, a conviction relied upon to enhance the defendant's sentence pursuant to the Armed Career Criminal Act. The holding in that case does not appear to be applicable to this defendant. The affected paragraphs are reported for the Court's perusal and consideration, as likely "circumstances" of the arrest – not

3

in support of the conviction for reasons of aggravating the otherwise applicable sentence.

(PSR Addendum at 1.) The Government further stated that the objected-to facts "are not being presented to prove the underlying qualifying convictions, but merely to advise the court of the circumstances of the arrest in question." (R.3 at 6.) The Government then offered four certified copies of state convictions that were entered in evidence as Exhibits 1 through 4. Exhibit 1 is a Florida judgment of conviction, file-stamped August 5, 2002, for three crimes: felon in possession of a firearm, carrying a concealed firearm, and obstructing or opposing an officer. Exhibit 2 is a Florida judgment of conviction, file-stamped January 29, 1998, for three crimes: escape while transporting, possession of cocaine, and obstructing or opposing an officer with violence. Exhibit 3 is a Florida judgment of conviction, also file-stamped January 29, 1998, for possession of cocaine with intent to sell or deliver. Exhibit 4 is a Florida judgment of conviction, file-stamped May 25, 1995, for two crimes: carrying a concealed firearm and possession of a weapon in the vicinity of a school. Each of the exhibits records that Canty pleaded guilty or *nolo contendere* to the crimes. The court overruled Canty's *Shepard* objection, finding that, in light of the Government's submission of Exhibits 1 through 4, *Shepard* did not apply to Canty's case.

Canty also objected that his two convictions for carrying a concealed firearm and his conviction for escape should not be classified as violent felonies for purposes of enhancing the sentence pursuant to the ACCA. The Government responded that Eleventh Circuit precedent held that these crimes were properly considered violent felonies, and the court overruled the objection on that ground.[1]

Finally, Canty objected that his Sixth Amendment rights would be violated if his sentence were enhanced based upon facts not stipulated to or proven to a jury beyond a reasonable doubt. The court overruled the objection.

Canty was sentenced, pursuant to the ACCA, to 186 months in prison on each count, to be served concurrently (the fifteen-year mandatory minimum under the ACCA called for a sentence of 180 months). The Government did not request, and the court did not make, findings as to how many violent felony or serious drug convictions Canty had or whether those crimes were committed on occasions separate from one another. Nor did the court state which of the convictions reflected on

---

[1]     The Government's response brief relied on *United States v. Taylor*, 489 F.3d 1112 (11th Cir. 2007), for the proposition that our circuit's precedent held that escape was categorically a violent felony under the ACCA. After the Government filed its brief, however, the Supreme Court vacated our opinion in *Taylor* and remanded the case to us for reconsideration in light of *Chambers v. United States*, 555 U.S. ___, 129 S. Ct. 687 (2009). *Taylor v. United States*, __ U.S. __, 129 S. Ct. 990 (2009) (mem.). On remand, we vacated the sentence and remanded the case to the district court for resentencing because the government no longer sought an ACCA enhancement for the defendant's sentence. *United States v. Taylor*, No. 06-13139, 2009 WL 418638, at *1 (11th Cir. Feb. 20, 2009).

Exhibits 1 through 4 it relied upon in determining that Canty's sentence should be enhanced pursuant to the statute.

## II. ISSUE ON APPEAL & CONTENTIONS OF THE PARTIES

Canty appeals his sentences, arguing that they should not have been enhanced pursuant to the ACCA because carrying a concealed firearm and escape are not properly considered violent felonies under the statute.[2] The Government acknowledges that, after *Begay v. United States*, 553 U.S. __, 128 S. Ct. 1581 (2008), and this court's subsequent decision in *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008), carrying a concealed firearm should not be treated as an ACCA violent felony. The Government argues, however, that we should consider escape a violent felony for purposes of the sentencing enhancement. And, the Government defends the sentences on the basis that, even when the concealed firearms convictions are disregarded, Defendant has three violent felony or serious drug offense convictions that make the ACCA 15-year mandatory minimum applicable. The Government identifies these three convictions as escape while transporting (documented on Exhibit 2 offered at the sentencing hearing), obstructing or opposing

---

[2] Canty also argues that his Sixth Amendment right to trial by jury was violated when his sentence was enhanced by the facts of his prior convictions – facts which he did not admit and were not found by a jury. Canty acknowledges that success in this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998). Therefore, we do not discuss it further.

6

an officer with violence (also documented on Exhibit 2), and possession with intent to sell cocaine (documented on Exhibit 3).

## III. STANDARD OF REVIEW

Whether a particular conviction is a violent felony for purposes of the ACCA is a question of law we consider de novo, *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006), as is whether crimes were committed on "occasions different from one another," within the meaning of the ACCA. *United States v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998).

## IV. DISCUSSION

We agree with the parties that carrying a concealed weapon is not a violent felony that may be used as a predicate conviction to enhance a defendant's sentence under the ACCA. *See Archer*, 531 F.3d at 1352 (holding that carrying a concealed weapon can not be a "crime of violence" under the U.S. Sentencing Guidelines and stating, "This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2."). Therefore, as the parties recognize, in order for Canty's ACCA sentence to be affirmed, his crimes of escape, obstructing or opposing an officer with violence, and possession with intent to sell cocaine all must be considered violent felonies or serious drug offenses. Canty does not dispute

that his drug conviction is a serious drug offense as defined by the statute. But, the parties disagree as to whether Canty's other two convictions should be counted as violent felonies under the statute.

Canty argues that, after *Begay*, his escape conviction should not be considered a conviction for a violent felony. And, he argues that, even if that crime is considered a violent felony, the Government has not shown and cannot show that it was committed on an occasion different from the crime of obstructing or opposing an officer with violence because both crimes were committed on the same day. The Government argues that escape is properly considered a violent felony under Eleventh Circuit precedent, and that *Begay* should not change that rule. And, the Government argues, even though both crimes were committed on the same day, the record demonstrates that Canty committed his escape crime on an occasion different from his crime of obstructing or opposing an officer with violence.

We need not decide whether *Begay* requires us to reconsider our precedent holding that escape is, categorically, a violent felony because we find that, even if we continue to consider it as such, the record in this case does not support a sentencing enhancement under the ACCA. In order for ACCA enhancement to be proper, the defendant must have been convicted of three violent felonies or serious drug crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We

8

have interpreted that phrase to require that the crimes were committed successively rather than simultaneously. *Pope*, 132 F.3d at 692. Exhibits 2 and 3, the records of conviction on which the Government now relies, contain no information that would allow a court to conclude that Canty's crimes of escape and obstructing or opposing an officer with violence were committed successively rather than simultaneously. Both crimes were committed on the same day and are evidenced by a single judgment of conviction, Exhibit 2. Recognizing this, the Government urges us to rely on facts in the PSR that "conclusively establish that Canty had committed the offenses successively – not simultaneously – and that Canty had a meaningful opportunity to cease his criminal activity during the temporal break between the offenses. . . ." (Appellee's Br. at 12 n.2.)

Canty argues that, after the Supreme Court's decision in *Shepard*, courts can rely on facts taken only from *Shepard*-approved documents to determine whether the crimes to which a defendant pleaded guilty were committed on occasions different from one another. Accordingly, he argues that the court cannot rely on facts from the PSR to conclude his crimes were committed on different occasions because the relevant facts in the PSR were taken from non-*Shepard*-approved documents. He argues further that the circuit courts of appeals that have decided this question have held that the only documents a court may consider in determining whether those

9

crimes were committed on occasions different from one another are *Shepard*-approved documents.[3] In response to Canty's argument that relying on the facts in the PSR that were taken from arrest records and police reports would violate the rule in *Shepard* and his Sixth Amendment rights, the Government argues that *Shepard* does not speak directly to the determination of whether crimes were committed on occasions different from one another. The Government further argues that, unless and until this court decides the question differently en banc, we must follow *United States v. Richardson*, 230 F.3d 1297, 1299-1300 (11th Cir. 2000), which holds that a sentencing court does not err in looking to police reports and arrest records to make that determination.

We do not decide what impact *Shepard* has on the holding of *Richardson*, however, because even if we considered *Richardson* controlling, we would not apply it in this case. The Government explicitly waived reliance on the PSR facts taken from documents other than Exhibits 1 through 4 to support the ACCA sentencing enhancement. The PSR addendum stated, "The affected paragraphs are reported for the Court's perusal and consideration, as likely 'circumstances' of the arrest – not in support of the conviction for reasons of aggravating the otherwise applicable sentence." (PSR Addendum at 1.) In response to Canty's *Shepard* objection, the

---

[3]      In support of this argument, Canty cites, among other cases, *United States v. Fuller*, 453 F.3d 274 (5th Cir. 2006), and *United States v. Taylor*, 413 F.3d 1146 (10th Cir. 2005).

Government explicitly adopted the addendum's position and also said that the objected-to facts were "not being presented to prove the underlying qualifying convictions, but merely to advise the court of the circumstances of the arrest in question." (R.3 at 6.) Thus, the Government waived its right to assert that, consistent with *Richardson*, this court should consider the PSR facts to determine that Canty's escape and obstructing or opposing an officer with violence crimes were committed on occasions different from one another and therefore constitute two predicate convictions for purposes of ACCA enhancement.

As a fall-back position, the Government proposes that we remand to the district court with an instruction that the Government be given a second opportunity to prove that Canty's convictions support an enhancement pursuant to the ACCA.

We require litigants to make all their objections to a sentencing court's findings of fact, conclusions of law, and the manner in which the sentence was imposed at the initial sentencing hearing. *United States v. Jones*, 899 F.2d 1097, 1102-03 (11th Cir. 1990), *cert. denied*, 498 U.S. 906, 111 S. Ct. 275 (1990), *overruled on other grounds, United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir.1993) (en banc) ("Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless

11

refusal to do so would result in manifest injustice."); *see also United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995) (same). The rule applies to the defense and the prosecution alike. *See Weir*, 51 F.3d at 1032-33. And, remand for further findings is inappropriate when the issue was before the court and the parties had an opportunity to introduce relevant evidence. *United States v. Simons*, 206 F.3d 392, 399 n.11 (4th Cir. 2000).

Here, when given the opportunity, the Government failed to voice any objection that the sentencing court had not made any findings as to which of Canty's convictions were predicates for the ACCA enhancement or whether the crimes were committed on occasions different from one another. Indeed, the Government not only did not object; it adopted the PSR, which did not state which of Canty's convictions were predicates for the ACCA enhancement and whether the crimes were committed on occasions different from one another. More importantly, the Government explicitly disclaimed reliance on any facts derived from sources outside Exhibits 1 through 4 to meet its burden to prove the applicability of the sentencing enhancement. Accordingly, the Government is not entitled to a remand so that it can present additional evidence and seek additional findings of fact and conclusions of law to support the ACCA enhancement when it failed to offer such evidence and seek those findings and conclusions during the initial sentencing hearing and did not

object to the manner in which the sentence was imposed. The Government is entitled to an opportunity to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence. But, the Government is entitled to only one such opportunity, and it had that opportunity at the sentencing hearing.

## V. CONCLUSION

For the foregoing reasons, we hold that Canty's sentences may not be enhanced pursuant to the ACCA. We vacate the sentences and remand to the district court for resentencing consistent with this opinion.

SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.