[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10381
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00185-JSM-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER HUERTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Huerta appeals his convictions and sentence for conspiracy to possess

and possession with intent to distribute methamphetamine. After a thorough

review of the record, we affirm.

Huerta was indicted on one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and three counts of distribution of 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841. Manuel Camacho Barcenas was charged as a co-conspirator and pleaded guilty; Huerta proceeded to trial.

According to the evidence at trial, Peter Strautman, a convicted drug dealer who worked as a confidential informant with the DEA, arranged several controlled buys with Huerta and Barcenas. The deals were captured on audio and video recordings. In the calls and exchanges, Huerta acted as an interpreter for Barcenas and arranged the deals. And during one of the buys, Huerta informed Strautman that he had supplied drugs to a man named Paco, who was Strautman's previous supplier. Huerta said that he and Barcenas, "[w]e make a deal sometimes. Half and half." Strautman understood this to mean that the two men sold drugs together. During his work for the DEA, Strautman also arranged controlled buys with each dealer alone. The controlled buy Strautman attempted to arrange with Huerta was unsuccessful because, as Huerta later explained to Strautman, Huerta had seen a suspicious car and cancelled the meeting. Strautman was unable to reschedule the buy.

2

Huerta testified in his own defense. He explained that he and Barcenas were friends and that he had been helping tow cars to Barcenas's mechanics shop. He stated that he had been lying in the recorded phone calls to shield Barcenas, that he was present at the buys only to protect Barcenas, and that he did not receive any money from the buys. He denied that there was any conspiracy and explained that the deals mentioned in the recordings were car deals. Huerta then testified that he had received two letters from Barcenas while the case was pending. The government objected to the admission of these letters on hearsay grounds. Defense counsel responded that Barcenas was unavailable because, when called as a witness, he had invoked his Fifth Amendment right not to testify, and that the letters were trustworthy because Barcenas had admitted to the government that he wrote them. The court sustained the government's objection and excluded the letters.

The jury convicted Huerta on all counts and the court sentenced him to 120 months' imprisonment.[1] Huerta now appeals, raising two challenges to his convictions and sentence. First, Huerta contends that the district court abused its

---

[1] The court determined that Huerta's base offense level was 30, with a 2-level enhancement for obstruction of justice and a 2-level reduction for minor role. With an adjusted offense level of 30 and a criminal history category of I, the guideline range was 97 to 121 months' imprisonment. Because the offense carried a mandatory minimum sentence of 120 months' imprisonment, 120 months became the low end of the guideline range.

discretion by excluding the hearsay evidence.  Second, he  challenges the reasonableness of his sentence.  We address each in turn.

*I. Admission of Hearsay Statements*

We review a district court's rulings on the admissibility of hearsay testimony for abuse of discretion.  *United States v. Brown*, 441 F.3d 1330, 1359 (11th Cir. 2006).

Here, Huerta tried to introduce two letters Barcenas wrote to Huerta while Huerta's case was pending.  In the letters, Barcenas wrote that he was involved in "deals" and that he acted "because of the consumption of alcohol."  He further wrote that he would plead guilty, that he "should be responsible for it because no one else should pay the broken plates of someone else's," and that he "assume[d] the responsibility that you had nothing to do with those charges."

The Federal Rules of Evidence permit the admission of a hearsay statement if

> at the time of its making [the statement] so far . . . tended to subject the declarant to civil or criminal liability . . .  that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.  A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

4

Fed. R. Evid. 804(b)(3). For hearsay evidence to be admissible under this rule, "(1) the declarant [must be] unavailable; (2) the statement so far tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) the statement is corroborated by circumstances clearly indicating its trustworthiness." *United States v. Westry*, 524 F.3d 1198, 1214 (11th Cir. 2008) (citation and quotation omitted).

Although both Huerta and the government agree that Barcenas was unavailable under Rule 804(a)(1), Huerta cannot show that the letters were admissible. The statements are vague and do not inculpate Barcenas to the extent that he reasonably would not have made the statement unless he believed it to be true. Moreover, the evidence at trial showed that Huerta and Barcenas were working together. Thus, the district court did not abuse its discretion in excluding the hearsay evidence, and we affirm Huerta's convictions.

*II. Reasonableness of Huerta's Sentence*

We review a final sentence for reasonableness, applying the abuse of discretion standard. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). When a defendant has been given the opportunity to raise an objection and failed to do so, we review for plain error. *United States v. Canty*, 570 F.3d 1251,

1256-57 (11th Cir. 2009) (quotation marks omitted). Under plain-error review, the defendant initially must establish that the district court committed an error, that the error was plain, and that the error affected his substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

Huerta did not object to his sentence as unreasonable and he cannot show plain error in the sentence imposed. Huerta faced a mandatory minimum sentence, which is precisely the sentence the court imposed. Nothing permitted the court to sentence Huerta below this mandatory minimum,[2] and Huerta has offered nothing to show that the court erred or that his sentence is unreasonable.

**AFFIRMED.**

---

[2] Generally, a court is bound by the mandatory minimum sentence unless the defendant qualified for a reduction under the safety-valve provision or the government moved for a reduction based on substantial assistance. Neither circumstance is present here.