[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2011
JOHN LEY
CLERK

No. 10-13599
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00101-MSS-KRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 5, 2011)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

After appellant Donnie Dixon pled guilty to one count of conspiracy to

commit bank fraud, in violation of 18 U.S.C. § 371, two counts of bank fraud, in

violation of 18 U.S.C. § 1344, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), the district court sentenced him to concurrent sentences of 24 months' imprisonment on the conspiracy and bank fraud counts and a consecutive sentence of 24-months' imprisonment on the identity theft count.[1]  After the court imposed these sentences, it elicited the parties' objections to the sentences, as required by *United States v. Canty*, 570 F.3d 1251, 1256 (11th Cir. 2009);  *United States v. Jones*, 899 F.2d 1097 (11th Cir.1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir.1993) (en banc).  The United States "object[ed] for the record."  Record, Vol. 2 at 85.[2]  Dixon had no objections. Id. at 85-88.  He now appeals his sentences, i.e., the total period of incarceration, 48 months.

Although he did not object to his sentences as required by Jones, Dixon asks us to entertain two objections he could have presented to the district court: (1) the district court's refusal to make a preliminary ruling on whether the Government

---

[1]  The sentence range prescribed by the Guidelines for the conspiracy and bank fraud counts called for imprisonment for a term of 37 to 46 months.  18 U.S.C. § 1028A called for a consecutive sentence of 24-months' imprisonment.  Hence, a total within-Guidelines sentence would fall between 61 months and 70 months, substantially in excess of the total sentence, 48 months, the court imposed.

[2]  We assume that the Government was objecting to the court's downward departure from the Guidelines prescribed sentence range for the combined counts.  The Government, however, has not appealed Dixon's sentences.

had met its burden improperly shifted the burden of proof to Dixon and compelled him to testify in violation of his Fifth Amendment right to remain silent, and (2) the district court erred in denying him a minor-role reduction under U.S.S.G. § 3B1.2(b), by misapplying the legal test for minor-role reductions set forth in *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (*en banc*). Specifically, he contends that the court failed to compare his relative culpability with that of his co-conspirators, ignoring his particular vulnerability in light of his personal circumstances and his motives for the commission of the crimes. Because Dixon did not present these objections to the district court, we consider them under the plain error doctrine. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).

To establish plain error, Dixon must show that: (1) the district court erred; (2) the error is plain; (3) it affects his substantial rights; and (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In this circuit, "at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* at 1291. That is the situation here. Dixon points to nothing in the case law or statutory law or rules of procedure that would have informed the district court that it was

3

committing the errors Dixon cites here. Accordingly, plain error did not occur, and Dixon's sentences are

AFFIRMED.