[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10532
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:06-cr-00147-VMC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRON CHRISTOPHER CANTY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.


PER CURIAM:

Myron Christopher Canty appeals his 77-month total sentence, imposed at resentencing, for possession of a firearm by a convicted felon and possession of counterfeit currency, 18 U.S.C. §§ 472 and 922(g)(1). Following our remand in *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009) (*Canty I*), the district court recalculated Canty's sentence absent an armed career criminal ("ACCA") enhancement. As part of the revised calculations, the district court applied a base offense level of 24 for Canty's firearm offense, pursuant to U.S.S.G. § 2K2.1(a)(2), after finding that his prior convictions for opposing an officer with violence and escape while in transport were crimes of violence.[1]

On appeal, Canty argues the district court's determination that both prior convictions were crimes of violence was erroneous. With respect to his conviction for opposing an officer with violence, Canty asserts that the district court could not conclude that it was a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1) because Florida's resisting-with-violence statute did not actually require violent force, and did not qualify under § 4B1.2(a)(2) because the statute did not require that an offender purposely use force. Canty also argues that escape while in transport did not qualify under § 4B1.2(a), asserting that it was not similar in kind

___

[1] Canty conceded that a third conviction, for cocaine possession, was a serious drug offense, and therefore the district court needed to find that only one additional conviction qualified as a crime of violence for scoring under § 2K2.1(a)(2).

to the purposeful, violent, and aggressive offenses enumerated in § 4B1.2(a)(2) because it may be committed passively and any risk it bore was not inherent in the act itself but rather in the possibility of interruption.

We affirm Canty's sentence based on two recent decisions of this Court that have held both of his potential predicate crimes were crimes of violence. In *United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010), this Court held that a conviction under Fla. Stat. § 843.01 was a crime of violence under 18 U.S.C. § 924(e)(2)(B)(ii). We have previously held that cases decided under that statute's residual clause apply to residual clause cases under the career offender provision, U.S.S.G. § 4B1.2(a). *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Similarly, in *United States v. Proch*, __ F.3d __ (11th Cir. Apr. 26, 2011), we held that a conviction for escape from while being transported to or from jail under Fla. Stat. § 944.40 constituted a crime of violence. Therefore, we affirm the Canty's sentence.

**AFFIRMED.**[2]

---

[2] Canty's request for oral argument is denied.