[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2011
JOHN LEY
CLERK

No. 07-13701

_____

D. C. Docket Nos. 06-22555-CV-UUB, 03-20712 CR-UUB

DEMARICK HUNTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee,

JONATHAN F. MITCHELL,
Assistant Professor,
STEPHANOS BIBAS,
Professor,

Amici Curiae.

_____

No. 07-14422

_____

D. C. Docket Nos. 07-00665-CV-T-24-MAP, 04-00314-CR-T-2

DARIAN ANTWAN WATTS,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Courts
for the Southern and Middle District of Florida

_____

(December 21, 2011)

Before WILSON and FAY, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Before us now are the consolidated appeals of Demarick Hunter and Darian Antwan Watts ("Appellants"), both of whom had 28 U.S.C. § 2255 motions to vacate their sentences denied by their respective district courts.[1] They now seek reversal on constitutional grounds.

Appellants, both convicted felons, were here convicted for possession of a

_____

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[1] We need not detail the lengthy procedural history relevant to either appeal. Suffice it to say that we eventually issued a certificate of appealability as to both Appellants after the Supreme Court vacated an earlier denial of the same. On remand from the Supreme Court, we granted a certificate of appealability "to determine whether [Appellants'] sentence[s] under the Armed Carerr Criminal Act, after the decisions in Begay . . . and Canty . . . violated [their] right to due process under the Fifth Amendment."

firearm, in violation of 18 U.S.C. § 922(g)(1). The statutory maximum sentence for such a conviction is ten years. See 18 U.S.C. § 924(a)(2). However, Congress further legislated in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), that a statutory minimum sentence of 15 years of imprisonment up to a maximum sentence of life is mandatory if a felon convicted of a possession of a firearm also has three or more prior "violent felony" convictions. At the time of their convictions for possession of a firearm, Hunter and Watts were each adjudged to have three prior violent felony convictions, the most relevant of which was an earlier conviction as to both for carrying a concealed weapon. Therefore, in accord with the ACCA enhancement, the respective district courts sentenced Hunter and Watts to terms of imprisonment exceeding the ten years statutory maximum under § 924(a)(2).[2]

Since Appellants' sentencing, however, the Supreme Court in Begay v. United States, 553 U.S. 137 (2008) interpreted the parameters of § 924(e) to determine what constitutes a "violent felony." There, the Begay Court was concerned with whether a conviction for driving under the influence of alcohol qualified. Id. at 139. On consideration, because the ACCA limited its definition of "violent felon[ies]" to those involving "purposeful, violent, and aggressive

---

[2] Hunter was sentenced to a term of 188-month imprisonment, while Watts was sentenced to 210 months.

conduct," id. at 145 (internal quotations and citations omitted), the Court found that drunk driving was not intended by Congress to constitute a predicate felony under the ACCA. Id. at 146-48.

Since Begay, we have applied the same reasoning to the crime of carrying a concealed weapon. In United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008), we considered whether conviction for such a crime can constitute a crime of violence under the Sentencing Guidelines. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). We held that it cannot. Id. at 1352. Similarly, we considered whether a conviction for carrying a concealed weapon is a "violent felony" under the ACCA. See United States v. Canty, 570 F.3d 1251 (11th Cir. 2009). Again, we held that it is not. Id. at 1255.

Now, Appellants allege constitutional error, requesting that their sentences be vacated since they were based on an offense—carrying a concealed weapon—that is no longer considered a predicate under the ACCA. Such error constitutes a due process violation under the Fifth Amendment, according to Appellants. Their § 2255 motions seek relief on the following bases: 1) they are "in excess of the maximum term authorized by law"; 2) their sentences are "in violation of the . . . laws of the United States"; and 3) their sentences are "otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). Appellants

4

request either that we resolve their claims on the merits, or that we remand their claims to the district court for reconsideration in light of <u>Begay</u>, <u>Canty</u>, and <u>Archer</u>.

In a procedural anomaly, the Government does not oppose Appellants' request. Instead, the Government supports Appellants' claims, so much so that it filed briefs before this Court and the Supreme Court (although not before the respective district courts at the time of the filing of the § 2255 motions) in favor of Appellants, as well as arguing on their behalf before this Court.[3] The only opposition to Appellants' requested relief comes from the <u>amici</u> <u>curiae</u>, Criminal Law and Habeas Corpus Scholars, who contend that 1) this Court lacks jurisdiction; and 2) that sentencing error such as that alleged here is not sufficiently egregious to constitute a due process violation.[4]

On consideration of the arguments put forth by all interested parties, we find that remand is appropriate. Case law since the time of the Appellants' sentencings calls into serious question the constitutionality of imposing sentences beyond the statutory maximum on a basis that is no longer applicable. <u>Accord</u> <u>United States v. Shipp</u>, 589 F.3d 1084 (10th Cir. 2009) (finding due process violation under similar circumstances). Moreover, the district courts did not have an opportunity to

---

[3] We applaud the candor of the Government attorneys.

[4] We appreciate the work of the <u>amici</u> <u>curiae</u> and thank them for appearing in this appeal.

consider the Government's support of Appellants' motions. However, unlike the Tenth Circuit in <u>Shipp</u>, we find that the district court is better situated to determine what relief, if any, is appropriate. We therefore VACATE the denial of Appellants' § 2255 motions, and REMAND to the respective district courts for further consideration in light of now-controlling case law and the Government's own concession regarding Appellants' requested relief.