[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12424
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00193-WTH-GRJ


JOHN ANTHONY MOORE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 11, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

John Moore, a federal prisoner, appeals pro se the District Court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and denial of his motion for reconsideration. In 2003, Moore was sentenced to 189 months' imprisonment after he was convicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Moore's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA") because he had three prior violent felony convictions, including, inter alia, carrying a concealed firearm. In his instant § 2241 petition, Moore argued that he was actually innocent of his § 924(e) conviction and sentence, in light of Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). He contended that his Florida conviction for carrying a concealed firearm no longer qualified as a "violent felony," and his claim fell within the "savings clause" of 28 U.S.C. § 2255. He further asserted that settled precedent had effectively deprived him of any reasonable opportunity to obtain a reliable determination of this issue. The District Court dismissed Moore's § 2241 petition and subsequent motion for reconsideration, finding that the savings clause did not apply and the court thus had no jurisdiction.

On appeal, Moore argues pro se that his sentence was improperly enhanced under the ACCA. Moreover, he asserts that he may utilize the savings clause to challenge his sentence in light of Begay. The Government concedes that the

2

District Court should not have used Moore's prior conviction for carrying a concealed firearm to determine his status as an armed career criminal, but highlights that Moore had four other convictions for offenses that we have previously held to be ACCA-qualifying. Moore replies that, under United States v. Canty, 570 F.3d 1251 (11th Cir. 2009), and United States v. Petite, 703 F.3d 1290 (11th Cir.), cert. denied, (U.S. Oct. 7, 2013) (No. 12-10831), the Government cannot argue for the first time on appeal that his other prior convictions supported an enhanced sentence. Thus, this case presents the issues of: (1) whether the District Court properly dismissed Moore's 28 U.S.C. § 2241 petition on the basis that the savings clause of 28 U.S.C. § 2255(e) did not apply; and (2) if the savings clause applies, whether the Government in response may argue for the first time on appeal that Moore's other convictions are violent felonies that satisfy the ACCA.

We review de novo the availability of habeas relief under § 2241, and "may affirm for any reason supported by the record, even if not relied upon by the district court." Turner v. Warden, 709 F.3d 1328, 1333 (11th Cir.), cert. denied, 133 S.Ct. 2873 (2013).

I.

Our recent decision in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), supplies the analysis and the answer to whether Moore falls

3

within the ambit of § 2255(e).  Bryant held that for § 2255(e)'s savings clause to apply, a petitioner must demonstrate:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [petitioner's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay, as extended by this Court to [petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [petitioner's] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of [petitioner's] new rule being retroactive, [petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)- Begay error claim of illegal detention above the statutory maximum penalty in § 924(a).

Id. at1274.  Moore can establish all five requirements, and, as such, § 2255(e) applies.

First, throughout Moore's sentencing, direct appeal, and first § 2255 proceeding, our precedent squarely foreclosed his claim that carrying a concealed firearm did not qualify as "violent felony" for purposes of 18 U.S.C. § 924(e).  See United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996) (concluding that carrying a concealed weapon qualifies as a violent felony for purposes of the ACCA).  Second, Hall was overturned after Moore filed his first § 2255 petition.  See United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009) ("[C]arrying a concealed weapon is not a violent felony that may be used as a predicate conviction to enhance a defendant's sentence under the ACCA.").  Third, we held in Bryant that

4

"the new rule announced in Begay applies retroactively for purposes of a first § 2255 motion and the § 2241 petition [a petitioner] seeks to bring under § 2255(e)." Bryant, 738 F.3d at 1277. Fourth, Moore's current sentence of 189 months exceeds the 10-year statutory maximum sentence authorized by Congress in § 924(a). And finally, Bryant concluded that "§ 2255(e) reaches [a] pure § 924(e)-Begay claim of illegal detention above the statutory maximum penalty in § 924(a)." Id. at 1281.[1]

Because Moore satisfies all five requisites laid out in Bryant, § 2255 is "inadequate or ineffective to test the legality of his detention," and thus he can proceed under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e).

## II.

The Government contends the record establishes that, in addition to the three convictions the District Court relied on to trigger the enhanced sentence, Moore was convicted of additional felonies that would qualify as "violent felonies" for purposes of the ACCA. In Bryant, we held the Government may not for the first time on appeal substitute another felony to reach the three felonies required to trigger the ACCA. See Bryant, 738 F.3d at 1279. As in Bryant, here the Government never suggested to the District Court that Moore's other felony

---

[1] A pure-Begay claim is one where a petitioner claims "error[] in the application of the 'violent felony' enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e)." Gilbert v. United States, 640 F.3d 1293, 1319 n.20 (11th Cir. 2011) (en banc).

convictions could serve as ACCA-qualifying felonies.  Because it failed to raise the argument below, the Government is foreclosed from raising the argument on appeal.  Cf. Canty, 570 F.3d at 1257 ("The Government is entitled to an opportunity to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence. But, the Government is entitled to only one such opportunity, and it had that opportunity at the sentencing hearing.").

III.

Accordingly, the District Court's dismissal of Moore's § 2241 petition is VACATED.  This case is REMANDED with instructions that the District Court grant Moore's § 2241 relief and enter an order stating that Moore's sentence for his § 922(g) conviction is reduced to the 10–year statutory maximum penalty in § 924(a).

SO ORDERED.