[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13764
Non-Argument Calendar
_____

D.C. Docket Nos. 5:16-cv-00132-RH-GRJ; 5:03-cr-00040-RH-GRJ-1

KENNETH LESTER BAXLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 9, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Baxley appeals the denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his two prior convictions for Georgia burglary do not qualify as predicate offenses under the Armed Career Criminal Act (the ACCA).  After review, we affirm.[1]

Baxley's appeal hinges on the proposition that Georgia's burglary statute is indivisible.  Baxley acknowledges the issue was decided against him in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), *cert. denied*, 138 S. Ct. 66 (2017). In *Gundy*, our Court held the Georgia burglary statute under which Baxley was convicted is divisible because "the Georgia prosecutor must select and identify the locational element of the place burgled—whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft—[ ] the hallmark of a divisible statute." *Id.* at 1167.  A petition for certiorari was pending when Baxley appealed, and his opening brief acknowledges the appeal was taken in anticipation of a favorable decision by the Supreme Court.

The Supreme Court has, however, since denied certiorari.  Under our Court's prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We cannot entertain Baxley's

---

[1] Whether a conviction is a violent felony for purposes of the ACCA is a question of law we consider de novo.  *United States v. Canty*, 570 F.3d 1251, 1254 (11th Cir. 2009).

argument that *Gundy* was incorrectly decided because we have "categorically reject[ed] any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). *Gundy* controls, and the judgment of the district court is

**AFFIRMED.**