[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12946

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILBUR LEE WALLACE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00515-SDM-JSS-1

_____

Before NEWSOM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Wilbur Wallace, Jr., appeals the district court's imposition of a mandatory minimum sentence of 180 months' imprisonment after Wallace pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court designated him as an armed career criminal under the Armed Career Criminal Act ("ACCA"). Wallace relies on our previous decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson I*") *vacated by United States v. Jackson*, 55 F.4th 846 (11th Cir. 2002) (*Jackson II*), to argue that his Florida cocaine-related offenses do not qualify as "serious drug offenses" under the ACCA. Having read the parties' briefs and reviewed the record, we affirm Wallace's sentence.

## I.

We "review *de novo* the legal question whether a prior state conviction qualifies as a 'serious drug offense' under ACCA." *United States v. Jackson*, 55 F.4th 846, 849-50 (11th Cir. 2022) (*pet. for cert. filed*, ___ U.S. ___ (Jan. 26, 2023) (No. 22-6640). Under the prior panel precedent rule, "we are bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation marks omitted). The prior panel precedent rule applies even if the prior precedent is arguably

flawed. *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017).

## II.

The ACCA imposes a 15-year mandatory minimum sentence for a defendant convicted under 18 U.S.G. § 922(g) who has 3 previous convictions for, in relevant part, "serious drug offense[s]" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *United States v. Canty*, 570 F.3d 1251, 1255 (11th Cir. 2009). The definition of "serious drug offense" includes a crime under state law "involving manufacturing, distributing, or possession with intent to manufacture or distribute, a controlled substance" that is punishable by a maximum term of ten or more years' imprisonment. 18 U.S.C. § 924(e)(2)(A)(ii).

In *Jackson I*, we held that a criminal defendant's 1998 and 2004 cocaine-related convictions under Fla. Stat. § 893.13 did not qualify as serious drug offenses under the ACCA because, at the times of the defendant's convictions, § 893.13's controlled-substance element was broader for cocaine-related offenses than the ACCA's definition of a serious drug offense. 36 F.4th at 1304, 1306. Because the defendant's § 893.13 offenses did not qualify as serious drug offenses under the ACCA, we held that the defendant was improperly sentenced as a career offender. *Id.* at 1306.

However, we issued a superseding opinion in *Jackson II*. 55 F.4th at 849. In *Jackson II*, we explained that, until 2017, § 893.13 prohibited the sale, manufacture, delivery, or possession with

intent to sell, manufacture, or deliver "a controlled substance," including ioflupane. *Id.* at 851 n.3; *see* Fla. Stat. §§ 893.13(1), 893.03(2)(a)(4) (1998), (2017). Similarly, in 1998, "[t]he federal version of Schedule II also encompassed ioflupane" until 2015. *Jackson*, 55 F.4th at 851; *see* 80 Fed. Reg. at 54716 (Sept. 11, 2015); 21 C.F.R. § 1308.12(b)(4)(ii) (2017). In *Jackson II*, we held that the "ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-substances schedules in effect when the defendant was convicted of the prior state drug offense," not the version in effect when the defendant committed the instant offense. *Jackson*, 55 F.4th at 854. Because the ACCA included ioflupane until 2015, § 893.13 was not categorically broader than the ACCA's definition of a serious drug offense, so the defendant's 1998 and 2004 § 893.13(1) cocaine convictions qualified as serious drug offenses under § 924(e)(1). *Id.* at 861-62.

Our holding in *Jackson II* forecloses Wallace's argument that his § 893.13 offenses do not qualify as serious drug offenses under the ACCA. Although both federal and state law exempted ioflupane from the relevant prohibitions against possession of a "controlled substance" when Wallace committed the instant offense, ioflupane possession did qualify under both federal and state law when he committed his cocaine-related offenses. *See* Fla. Stat. § 893.13(1) (1998); 80 Fed. Reg. at 54716; 21 C.F.R. § 1308.12(b)(4)(ii) (2017); *Jackson II*, 55 F.4th at 850 n.3, 851. Because a state "serious drug offense" incorporates the federal controlled-substances schedules in effect when Wallace was convicted of his prior drug

offenses, and because § 893.13(1) is not categorically broader than the ACCA's definition of a serious drug offense, *Jackson II* forecloses Wallace's argument otherwise. Accordingly, we affirm Wallace's mandatory minimum sentence of 180 months.

**AFFIRMED.**