[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15494
Non-Argument Calendar
_____

D.C. Docket Nos. 8:09-cv-00895-SDM-TBM; 8:06-cr-00512-SDM-TBM


JAMES B. MORTON,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 23, 2013)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

    James Morton appeals the district court's denial of his 28 U.S.C. § 2255

motion, in which he argued that he improperly had been sentenced under the

Armed Career Criminal Act ("ACCA") because his prior conviction of carrying a concealed firearm no longer constituted a violent felony, and the court's denial of his Federal Rule of Civil Procedure 59(e) motion for reconsideration. The district court initially denied Morton's § 2255 motion for reasons not relevant to this appeal, and, after Morton filed his Rule 59(e) motion, the district court clarified that it believed Morton to be arguing that he was actually innocent of the ACCA enhanced sentence, and noted that this Court had rejected expanding the actual innocence of sentence exception beyond cases involving the death penalty in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2012) (en banc) ("Gilbert II"), cert. denied, 133 S.Ct. 1001 (2012). Nevertheless, the district court granted Morton's request for a certificate of appealability on the following issue:

> Whether Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011) (en banc), petition for cert. filed, (U.S. Aug. 17, 2011) (No. 11-6053), and McKay v. United States, 657 F.3d 1190 (11th Cir. 2011), foreclose Morton's entitlement to the retroactive application of Chambers v. United States, ____ U.S. ____, 129 S. Ct. 687, 691-93 (2009), Begay v. United States, 553 U.S. 137 (2008), United States v. Harrison, 558 F.3d 1280 (11th Cir. 2009), and United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008), in his first Section 2255 motion to vacate.

On appeal, Morton contends that neither Gilbert II nor McKay forecloses his claim because neither case involved an ACCA challenge brought in an initial § 2255 motion. After thorough review, we vacate and remand.

When reviewing the denial of a § 2255 motion, we review de novo questions of law, and we review findings of fact for clear error. McKay, 657 F.3d at 1195.

2

We review the denial of a Rule 59(e) motion for abuse of discretion.  Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009).

Pursuant to 18 U.S.C. § 924(e)(1), a person who violates 18 U.S.C. § 922(g) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a 15-year mandatory minimum sentence.  18 U.S.C § 924(e)(1).  Carrying a concealed weapon is not considered to be a violent felony.  United States v. Canty, 570 F.3d 1251, 1252, 1255 (11th Cir. 2009).

In Gilbert II, we addressed whether the savings clause contained in § 2255(e) permits a federal prisoner to challenge his sentence under 28 U.S.C. § 2241 when a § 2255 motion would be second or successive.  640 F.3d at 1295.  Gilbert claimed that, pursuant to Begay and Archer, he should not have been sentenced as a career offender, and that, even though he previously had filed a § 2255 motion, we should hold that he was entitled to seek relief under the savings clause in § 2255(e).  Id. at 1301-02.  We concluded that Gilbert was not entitled to use the savings clause to bring a § 2241 petition in part because of the interests of finality in criminal judgments.  Id. at 1309-12.  However, we said that we had no reason to decide whether a claim that the Sentencing Guidelines had been misapplied could be brought in an initial § 2255 motion.  Id. at 1306.

3

A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). In McKay, we addressed whether the actual innocence exception to procedural defaults applied where the movant argued that he was actually innocent of a sentence enhancement because his prior conviction no longer constituted a crime of violence. 657 F.3d at 1198. We determined that the actual innocence of sentence exception did not apply "to claims of legal innocence of a predicate offense justifying an enhanced sentence." Id. at 1199.

Addressing the question posed by the COA, we conclude that the district court erred by determining that Gilbert II and McKay foreclosed Morton's § 2255 claim. Neither Gilbert II nor McKay determined whether a defendant could rely on the retroactive application of Begay and its progeny in an initial § 2255 motion. Instead, Gilbert II specifically addressed the availability of § 2241 relief via the § 2255(e) savings clause. 640 F.3d at 1309-12. Separately, McKay determined whether legal innocence of a sentencing enhancement, based on the conclusion that one predicate conviction no longer constituted a "crime of violence," was sufficient to overcome the procedural bar for claims not raised on direct appeal. 657 F.3d at 1199. Because neither involved the issue presented by this case --

4

whether <u>Begay</u> and its progeny could be the grounds for relief in an initial § 2255 motion -- neither <u>Gilbert II</u> nor <u>McKay</u> forecloses Morton's claim.

Here, the government concedes that neither <u>Gilbert II</u> nor <u>McKay</u> forecloses Morton's claim, but argues that we should affirm on alternative grounds. But because our scope of review in a habeas case typically is limited to the issues specified in the COA, we decline to resolve the appeal on this basis. <u>Murray v. United States</u>, 145 F.3d 1249, 1250 (11th Cir.1998). Accordingly, we vacate the district court's decision and remand for further proceedings.

**VACATED AND REMANDED.**