[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-14729

D.C. Docket Nos. 5:11-cv-00681-WTH-PRL; 1:03-cr-20715-JAL

BRIAN MACKEY,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

Appeal from the United States District Court for
the Middle District of Florida

(January 6, 2014)

Before HULL and MARTIN, Circuit Judges, and BOWEN,[*] District Judge.

HULL, Circuit Judge:

---

[*]Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

Petitioner Brian Mackey appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition, which he attempted to bring pursuant to the "savings clause" in 28 U.S.C. § 2255(e).  After review of the record and the briefs of the parties and the amicus, and having the benefit of oral argument, we conclude Mackey has satisfied the five requirements necessary to proceed with a § 2241 petition pursuant to § 2255(e) as set forth in Bryant v. Warden, FCC Coleman - Medium, No. 12-11212, --- F.3d ----, 2013 WL 6768086, at *19 (11th Cir. Dec. 24, 2013).  Accordingly, we vacate the district court's denial of Mackey's § 2241 petition and remand with instructions set forth herein.

## I.    PROCEDURAL HISTORY

### A.    Indictment (2003)

In September 2003, a federal grand jury indicted Mackey on one count of knowingly possessing a firearm and ammunition while being a convicted felon, "in violation of [18 U.S.C. §§] 922(g)(1) and 924(e)."  While § 922(g) prohibits the possession of a firearm or ammunition by a convicted felon, § 922 does not contain a penalty provision.  See 18 U.S.C. § 922.

The penalties for § 922(g) offenses are provided in § 924.  Section 924(a)(2) provides that a person who is convicted of knowingly violating § 922(g) shall be "imprisoned not more than 10 years."  18 U.S.C. § 924(a)(2).  Section 924(e), known as the Armed Career Criminal Act ("ACCA"), prescribes different and

2

higher statutory penalties for the § 922(g)(1) felon-in-possession offense. Section 924(e)(1) provides that, where a person "violates section 922(g)" and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both," that person "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).  The statutory maximum under § 924(e)(1) is life in prison. United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993).

Prior to his trial, the government gave Mackey notice that it intended to seek the increased statutory penalties in § 924(e) based on his prior violent felony convictions, including two concealed-firearm convictions.  As the basis for the increased penalty in § 924(e), the government cited these felony convictions:  (1) a 1973 Florida conviction for attempted breaking and entering of a building; (2) a 1976 Florida conviction for robbery; (3) a 1991 Florida conviction for carrying a concealed firearm in violation of Fla. Stat. § 790.01; and (4) a 1994 Florida conviction for carrying a concealed firearm in violation of Fla. Stat. § 790.01.

In October 2004, Mackey pled guilty to his one-count indictment.  The plea agreement reserved Mackey's right to appeal the denial of his motion to suppress evidence.

**B.    Presentence Investigation Report and Sentencing (2004-2005)**

Mackey's Presentence Investigation Report ("PSI") indicated that, because Mackey had 3 prior "violent felony" convictions, he was subject under § 924(e) to

a mandatory minimum penalty of 15 years' imprisonment and a statutory

maximum penalty of life.

Pursuant to U.S.S.G. § 2K2.1, Mackey's base offense level was 20 for his

§ 922(g)(1) felon-in-possession offense.  Mackey received a 2-level decrease under

§ 3E1.1 for acceptance of responsibility.  This resulted in an initial adjusted

offense level of 18.

The PSI's criminal history section listed the felony convictions provided in

the government's notice about the § 924(e) increased statutory penalties.  The PSI

also listed Mackey's many other convictions.  Given his numerous prior

convictions, the PSI assigned Mackey 3 criminal history points and placed him into

criminal history category II.

Mackey's offense level of 18 and criminal history category of II yielded a

guidelines range of 30 to 37 months' imprisonment.  See U.S.S.G. ch. 5, pt. A,

Sentencing Table (2004).

However, pursuant to the armed-career-criminal guideline, the PSI raised

Mackey's adjusted offense level from 18 to 31 (after reducing 2 levels for

acceptance of responsibility).  See U.S.S.G. § 4B1.4(b)(3)(B).  This armed-career-

criminal classification raised Mackey's criminal history category from II to IV.

See U.S.S.G. § 4B1.4(c).  The offense level of 31, combined with a criminal

history category of IV, resulted in a guidelines range of 151 to 188 months'

4

imprisonment.  However, due to § 924(e)'s mandatory minimum penalty of 15 years' imprisonment, Mackey's actual guidelines range was 180 to 188 months' imprisonment.  See U.S.S.G. § 5G1.1(b).

The district court sentenced Mackey to 180 months' imprisonment and four years' supervised release.

## C.    Direct Appeal (2005)

On direct appeal, Mackey raised only the suppression issue that he had reserved when he pled guilty.  See United States v. Mackey, 149 F. App'x 874, 878 (11th Cir. 2005).  In September 2005, this Court affirmed Mackey's conviction and sentence.  See id.

## D.    First § 2255 Motion (2006-2008)

In September 2006, Mackey filed his first 28 U.S.C. § 2255 motion to vacate his sentence.  All issues presented in Mackey's motion were unrelated to his increased statutory penalties under § 924(e).

In July 2008, the district court denied Mackey's first § 2255 motion.  Both the district court and this Court denied a Certificate of Appealability ("COA").

**E.    Second § 2255 Motion (2008-2010)**

In October 2008, Mackey filed a pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Mackey argued that, under Begay[1] (as interpreted by this Court in Archer[2]), his Florida concealed-firearm convictions did not qualify as violent felonies under § 924(e)(2)(B) and, therefore, he should be resentenced.

The district court construed Mackey's § 3582(c)(2) motion as a second or successive § 2255 motion.  The district court then dismissed the §2255 motion for lack of jurisdiction because Mackey failed to obtain the requisite authorization from this Court, as required by § 2255(h).[3]

Both the district court and this Court denied a COA.

**F.    Present § 2241 Petition**

In February 2012, Mackey filed an amended pro se habeas petition under § 2241 and the savings clause in § 2255(e), challenging the validity of his § 924(e)

---

[1]Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008).

[2]United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

[3]A federal prisoner who wishes to file a second or successive § 2255 motion must apply to this Court for authorization to have the district court consider such a motion.  See 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244).  This Court may grant such authorization only if the proposed § 2255 motion contains claims premised on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id.

sentence.  In his § 2241 petition, Mackey argued that, under <u>Begay</u> and <u>Archer</u>, his Florida concealed-firearm convictions did not qualify as violent felonies under § 924(e)(2)(B) and, therefore, he "was convicted of a non-existent offense, i.e., being an armed career criminal."

The government responded with a confession of error, conceding that Mackey's § 2241 petition had merit and should have been granted.  The government argued that this type of claim—asserting a "flat ineligibility" for a § 924(e) sentence exceeding the otherwise applicable statutory maximum of 10 years' imprisonment—was cognizable in a § 2241 petition brought pursuant to § 2255(e)'s savings clause.  The government expressly waived "any affirmative defense of procedural default in this case."

The district court denied Mackey's § 2241 petition with prejudice for the reasons stated in an earlier decision in a similar case, <u>McKinney v. Warden</u>, 870 F. Supp. 2d 1351 (M.D. Fla. 2012).  Through the incorporation of its decision in <u>McKinney</u>, the district court relied on this Court's decision in <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011) (en banc), <u>cert. denied</u>, 132 S. Ct. 1001 (2012), and determined that § 2255(e)'s savings clause did not permit the claims in Mackey's § 2241 petition because Mackey did not claim "actual innocence of the underlying offense (as distinguished from a claim of actual innocence of the

sentence)." See McKinney, 870 F. Supp. 2d at 1357-59.  Accordingly, the district court denied Mackey's § 2241 petition with prejudice.

Mackey now appeals.[4]

## II.    STANDARD OF REVIEW

"Whether a prisoner may bring a 28 U.S.C. § 2241 petition under the savings clause of § 2255(e) is a question of law we review de novo."  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013).  The petitioner bears the burden of demonstrating that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention" for purposes of § 2255(e).  Turner v. Warden, 709 F.3d 1328, 1333 (11th Cir.), cert. denied, 133 S. Ct. 2873 (2013).

## III.    DISCUSSION

Section 2255(e) provides that a § 2241 petition "shall not be entertained" if a federal prisoner has failed to apply for relief by a § 2255 motion, or has already been denied such relief, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e)

---

[4]Mackey does not need a COA to appeal the district court's dismissal of his § 2241 petition.  See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (stating that, pursuant to 28 U.S.C. § 2253(c)(1)(B), a federal prisoner needs a COA only when proceeding under § 2255, not when proceeding under § 2241).

(emphasis added).  This quoted exception to § 2255(e)'s bar on a § 2241 petition is commonly referred to as the "savings clause."

Where a petitioner seeks to challenge his sentence based on the statutory interpretations of § 924(e) set forth in Begay, Archer, and Canty,[5] this Court has provided a test to determine whether the savings clause allows a § 2241 petitioner to bring his petition notwithstanding § 2255's strict limitations on second or successive motions.  See Bryant, 2013 WL 6768086, at *19.  To show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," Mackey must establish that

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed his distinct prior conviction that triggered § 924(e) and squarely foreclosed the § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a);
>
> (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay—as extended by this Court to Mackey's distinct prior convictions—overturned our Circuit precedent that had squarely foreclosed his § 924(e) claim;
>
> (3) the new rule announced in Begay applies retroactively on collateral review;
>
> (4) as a result of Begay's new rule being retroactive, Mackey's current sentence exceeds the 10-year

---

[5]United States v. Canty, 570 F.3d 1251, 1255 (11th Cir.2009).

9

statutory maximum authorized by Congress in § 924(a); and

(5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty in § 924(a).

See id.

Mackey has satisfied each of these five requirements.

First, long before Mackey was indicted in 2003, this Court expressly held that Florida's § 790.01 offense of carrying a concealed firearm qualified as a "violent felony" under § 924(e)(2)(B). See United States v. Hall, 77 F.3d 398, 401-02 (11th Cir. 1996), abrogated by Begay, 553 U.S. 137, 128 S. Ct. 1581 and Canty, 570 F.3d at 1255. This precedent remained unchanged—and squarely foreclosed Mackey's claim—until we acknowledged, in 2009, that the Supreme Court's decision in Begay overturned our precedent in Hall. See Canty, 570 F.3d at 1255; see also Bryant, 2013 WL 6768086, at *20 ("Canty's holding regarding Florida's concealed-firearm offense directly implies that our precedent in Hall was undermined to the point of abrogation by Begay and Archer."). Thus, throughout Mackey's sentencing in 2005, direct appeal in 2005, and first § 2255 proceeding in 2006, our Circuit's binding precedent in Hall had specifically held that Mackey's concealed-firearm convictions were "violent felonies" within the meaning of § 924(e). Until we issued Canty in 2009, our Hall precedent squarely foreclosed

10

Mackey's claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a).

Second, the Supreme Court's decision in Begay—as extended by this Court in Canty to Mackey's distinct prior concealed-firearm convictions under Fla. Stat. § 790.01—overturned the Circuit precedent in Hall that had squarely foreclosed his § 924(e) claim.

Third, the new rule announced in Begay applies retroactively on collateral review. See Bryant, 2013 WL 6768086, at *21 (holding "that the new rule announced in Begay applies retroactively for purposes of a first § 2255 motion and the § 2241 petition [Mackey] seeks to bring under § 2255(e)").

Fourth, because Begay's new rule is retroactive, Mackey's current 15-year sentence for his § 922(g) conviction exceeds the 10-year statutory maximum penalty authorized by Congress in § 924(a). Accord Bryant, 2013 WL 6768086, at *23.

Fifth, § 2255(e)'s savings clause reaches Mackey's pure § 924(e)-Begay error claim of illegal detention above the congressionally-authorized statutory maximum penalty in § 924(a). See id. at *26-29 (allowing similar claim to proceed through § 2255(e)'s savings clause where the petitioner's sentence exceeded the applicable 10-year maximum in § 924(a) due to an erroneous § 924(e) sentence).

11

Because he satisfied each of the five requirements set forth in Bryant, Mackey has proven that "his sentence erroneously exceeds the statutory maximum penalty," that "the savings clause [in § 2255(e)] permits his § 2241 petition to proceed," and that "he should prevail on his § 2241 claim." See id. at *33. As explained by this Court in Bryant, the remedy applicable to the "statutory error" at issue here is a reduction in Mackey's sentence "to the statutory maximum of 10 years by the district court where [Mackey] is incarcerated." See id. at *34. Moreover, because the maximum term of imprisonment for Mackey's § 924(a) offense is ten year's imprisonment, the maximum term of supervised release for Mackey's § 924(a) offense is three years. See 18 U.S.C. § 3559 (classifying Mackey's § 924(a) offense as a Class C felony); 18 U.S.C. § 3583 (authorizing up to three years of supervised release for a Class C felony). Consequently, Mackey's term of supervised release should be reduced to the statutory maximum of three years.

## IV.    CONCLUSION

For the foregoing reasons, we vacate the district court's denial of Mackey's § 2241 petition with instructions that the district court grant Mackey § 2241 relief. The district court is instructed to enter an order whereby Mackey's 180-month sentence for his § 922(g) conviction is reduced to the 10-year statutory maximum

penalty in § 924(a) and Mackey's 4-year term of supervised is reduced to the 3-year statutory maximum penalty in § 3559 and § 3583.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

MARTIN, Circuit Judge, concurring in part and dissenting in part:

I concur in the Majority's conclusion that the savings clause in 28 U.S.C. § 2255(e) permits Mr. Mackey to bring a § 2241 habeas petition based on pure Begay error.  Also, for the reasons I stated in Bryant v. Warden, FCC Coleman-Medium, ___ F. 3d. ___, ___, No. 12-11212, 2013 WL 6768086, at *38–39 (11th Cir. Dec. 24, 2013) (Martin, J., concurring in part and dissenting in part), I agree that granting the writ without resentencing is the appropriate remedy here because Mr. Mackey has already served more than ten years in prison.  Like in Bryant, it is not necessary to resentence Mr. Mackey in order to remove the taint of pure Begay error on the defendant's sentence in this case.[1]

To the extent the Majority embraces a rigid five-part test to determine eligibility for savings clause relief that requires circuit foreclosure at the time of a defendant's sentencing, direct appeal, and initial § 2255, see Maj. Op. at 9–12,  I dissent.  Instead, I adhere to the views I expressed in my opinion in Bryant, No.12-11212, 2013 WL 6768086, at *44–45.  See also Williams v. Warden, 713 F.3d

---

[1]  Upon his release, Mr. Mackey will begin serving a reduced three-year term of supervised release.  He has not argued that he is entitled to a reduction in his term of supervised release by the amount of extra prison time he served above his statutory maximum.  Nor could he.  See United States v. Johnson, 529 U.S. 53, 54, 120 S. Ct. 1114, 1116 (2000).  After the expiration of one year of his supervised release term, Mr. Mackey may ask his sentencing court to modify or terminate his period of supervised release, taking into consideration "that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term."  Id. at 60, 120 S. Ct. at 1119 (citing 18 U.S.C. § 3553(e)(1), (2)).

1332, 1350–55 (11th Cir. 2013) (Martin, J., dissenting).  Based on my reading of 28 U.S.C. § 2255(e), "the relevant point for measuring circuit foreclosure is at the time the first § 2255 motion was adjudicated, not the time of sentencing or direct appeal."  Bryant, No. 12-11212, 2013 WL 6768086, at *45.

15