[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14159
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00114-LGW-JEG


JAMES CHAPLIN,

Petitioner-Appellant,

versus

WARDEN,
US ATTORNEY GENERAL,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 25, 2014)


Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

James Chaplin, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition, filed pursuant to 28 U.S.C. § 2255(e)'s "savings clause."  In his petition, Chaplin asserted that his prior 1987 escape conviction under Fla. Stat. § 944.40 was not a violent felony in light of *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009).  Thus, he contended he had been incorrectly sentenced as an armed career criminal under 18 U.S.C. § 924(e), and was "actually innocent" of the sentencing enhancement.  The district court originally dismissed Chaplin's petition after finding the savings clause was inapplicable.  On appeal in 2012, we accepted the Government's concession that Chaplin could utilize the savings clause to bring his petition, and remanded for the district court to consider his petition on the merits. After the district court denied the petition on the merits on remand, Chaplin again appeals on the ground that his prior conviction for escape under Fla. Stat. § 944.40 was not a violent felony under the Armed Career Criminal Act (ACCA).

Although we previously remanded Chaplin's § 2241 petition to the district court for consideration of the merits based on the Government's concession that the savings clause applied, we have recently held the applicability of the savings clause is a threshold jurisdictional issue that cannot be waived.  *Williams v. Warden*, 713 F.3d 1332, 1337-38 (11th Cir. 2013); *see also Bryant v. Warden*, 738 F.3d 1253, 1271 (11th Cir. 2013) (holding we could not accept the government's

2

concession regarding the applicability of the savings clause).  Thus, we may no longer rely on the Government's concession.  Because the applicability of the savings clause is a threshold jurisdictional issue that cannot be waived, we must *sua sponte* determine whether we have subject matter jurisdiction by determining whether the savings clause applies.  *See Williams*, 713 F.3d at 1340-41.

In *Williams*, the petitioner filed a § 2241 petition for habeas corpus, alleging his prior burglary convictions under Fla. Stat. § 810.02, were not violent felonies for purposes of the ACCA sentencing enhancement.  *Id.* at 1334-35.  Because of the ACCA enhancement, he was sentenced to a term of imprisonment above the otherwise applicable ten-year statutory maximum sentence.  *Id.* at 1334.  We explained that, for the savings clause to apply, a prisoner's § 2241 claim must have been squarely foreclosed by prior Circuit precedent at the time of his trial, direct appeal, and first § 2255 motion.  *Id.* at 1343.  However, Williams could not make that showing because, during his direct and collateral attacks, no Circuit precedent squarely held that burglary of a dwelling under § 810.02 was a violent felony under the ACCA.  *Id.* at 1344-45.  Thus, "it was an open question" whether § 810.02 would categorically constitute a violent felony under the ACCA.  *Id.* at 1345.

We recently reaffirmed *Williams*, and held that, to show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a petitioner must demonstrate, *inter alia*, that:

throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had *specifically addressed his distinct prior conviction* that triggered § 924(e) and squarely foreclosed the § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a).

*Mackey v. Warden*, 739 F.3d 657, 661 (11th Cir. 2014) (emphasis added); *see also Bryant*, 738 F.3d at 1274.

Chaplin cannot demonstrate that § 2255 was an inadequate or ineffective remedy because he cannot show that an escape conviction under Fla. Stat. § 944.40[1] was a violent felony under the ACCA during his trial and sentencing in 2003, direct appeal in 2004, and § 2255 motion in 2005.  *See Mackey*, 739 F.3d at 661; *see also Bryant*, 738 F.3d at 1274.[2]  This Court held in 2001 that an escape conviction constituted a crime of violence for purposes of the career offender criteria of the Sentencing Guidelines.  *United States v. Gay*, 251 F.3d 950, 954 (11th Cir. 2001).  However, that case did not "squarely foreclose" Chaplin's argument, because *Gay* involved the career offender criteria rather than the ACCA, and analyzed a Georgia escape statute rather than the Florida statute at issue in

---

[1] The version of Florida's escape statute in effect in 1987, when Chaplin was convicted, provided:

> Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree.

Fla. Stat. § 944.40 (1985).

[2] To the extent Chaplin argues he was "actually innocent" of the sentencing enhancement, we have expressly rejected such a claim.  *See Williams*, 713 F.3d at 1345-46 (holding actual innocence refers only to factual innocence of crimes, and a sentencing challenge regarding predicate ACCA offenses constitutes a claim of legal innocence).

Chaplin's case. *See id.* at 952 (analyzing Gay's escape conviction under O.C.G.A. § 16-10-52); *see also Mackey*, 739 F.3d at 661 (holding the binding precedent must have "specifically addressed his distinct prior conviction"). As in *Williams*, it was an open question during Chaplin's sentencing, direct appeal, and § 2255 motion whether an escape conviction under Fla. Stat. § 944.40 constituted a violent felony under the ACCA. *See Williams*, 713 F.3d at 1345. Thus, because no case from this Court squarely foreclosed Chaplin's claim so as to render § 2255 an inadequate or ineffective remedy, "there was no circuit precedent for *Begay* to bust." *See id.* at 1347 ("[A]t the time of Williams's first § 2255 motion, there was no circuit precedent for *Begay* to bust.").

Accordingly, Chaplin is unable to demonstrate the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Thus, the district court had no jurisdiction to consider the merits of Chaplin's § 2241 petition. *See Williams*, 713 F.3d at 1337 (explaining if we determine at any time that we lack subject matter jurisdiction, we must dismiss the action). We vacate the district court's denial of Chaplin's § 2241 petition, and remand for the district court to dismiss the petition for lack of subject matter jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**