[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13746
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00674-WTH-PRL


GLOVER A. YAWN,

Petitioner-Appellant,

versus

FCC COLEMAN - MEDIUM WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 28, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Glover Yawn appeals *pro se* the denial of his motion for relief from a judgment dismissing his second petition for a writ of habeas corpus. *See* Fed. R. Crim. P. 60(b)(6). The district court dismissed Yawn's second petition for lack of jurisdiction. *See* 28 U.S.C. §§ 2241, 2255(e). Yawn argued that he was entitled to relief from the judgment under *Descamps v. United States*, 570 U.S. ____, 133 S. Ct. 2276 (2013), and recent decisions of this Court. Because Yawn failed to establish that extraordinary circumstances required the district court to vacate its judgment, we affirm.

Yawn pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), and to distributing cocaine base, 21 U.S.C. § 841(a)(1). Yawn admitted that he had prior convictions for armed robbery, selling a controlled substance, and selling cocaine. The district court sentenced Yawn, as an armed career criminal, 18 U.S.C. § 924(e), and a career offender, U.S.S.G. § 4B1.1, to 188 months of imprisonment. Yawn challenged his sentence unsuccessfully on direct appeal, *United States v. Yawn*, 200 Fed. App'x 970 (11th Cir. 2006), in a motion to vacate, 28 U.S.C. § 2255, and by petition for a writ of habeas corpus, *see id.* § 2241.

We review the denial of a motion for relief for an abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). To obtain relief under Rule 60(b)(6), the movant must prove "that the circumstances are sufficiently

2

extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)). "[S]omething more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987). The movant "must demonstrate a justification so compelling that the district court was required to vacate its order." *Cano*, 435 F.3d at 1342 (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

The district court did not abuse its discretion when it denied Yawn's motion for relief from the dismissal of his second petition for a writ of habeas corpus. *Descamps* did not represent a change in the law because it was decided while Yawn's second petition was pending and available to challenge the validity of his sentence. *See Ritter*, 811 F.2d at 1401. And Yawn failed to explain how *Descamps*, which prohibits district courts from "apply[ing] the modified categorical approach when the crime of . . . convict[ion] has a single, indivisible set of elements," 133 S. Ct. at 2282, affected the legality of his sentence. Yawn was convicted of armed robbery, Fla. Stat. § 812.13, which qualifies as a violent felony because it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i). Yawn's convictions for selling drugs, Fla. Stat. § 893.13(1)(a), appear to qualify as "serious drug offense[s]" because they are "offense[s] under State law, involving manufacturing,

3

distributing, or possessing with intent to manufacture or distribute, a controlled substance, . . . for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii). *See United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015). Yawn's arguments for relief under *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657 (11th Cir. 2014), and *McKinney v. Warden, FCC Coleman-Medium*, 562 Fed. App'x 917 (11th Cir. 2014), were equally unavailing because those decisions do not affect our precedents establishing that Yawn's prior convictions qualify as predicate offenses.

We **AFFIRM** the denial of Yawn's motion for relief.