[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10424
Non-Argument Calendar

_____

D.C. Docket Nos. 8:15-cv-01335-RAL-TGW; 8:09-cr-00098-RAL-TGW-1


PERRY IVORY WIMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Perry Ivory Wims appeals *pro se* the denial of his motion for relief, Fed. R. Civ. P. 60(b), from an order that denied his motion to vacate his sentence as untimely. We vacate and remand for the district court to consider the merits of Wims's challenge to his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I. BACKGROUND

On June 4, 2015, Wims moved to vacate his sentence of 180 months of imprisonment for his unlawful transportation of firearms. *See* 28 U.S.C. § 2255. In his motion and his supporting brief, Wims argued that his motion was timely "in [the] wake of the Retroactive Application of *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008)," *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), and "*Johnson v. United States*, U.S. No. 13-7120, argued 4/20/15." Wims argued that his trial counsel was ineffective for failing to argue that he was "actually innocent" of the enhancement of his sentence under the Armed Career Criminal Act. Wims challenged the enhancement of his sentence on three grounds: (1) *Begay* and *Archer* "establish[ed] that [his] prior conviction for carrying a concealed firearm 'no longer qualifies as a predicate offense under the [Act]'"; (2) the government failed to introduce documents approved in *Shepard v. United States*, 544 U.S. 13 (2005), to prove that his prior convictions for being a felon in possession of a firearm, selling cocaine, and robbery were temporally distinct, *see*

18 U.S.C. § 924(e)(1); and (3) his "prior convictions used as enhancers . . . were not violent felonies."

On June 5, 2015, the district court *sua sponte* denied Wims's motion as untimely. 28 U.S.C. § 2255(f)(1). The district court ruled that Wims's argument to treat his motion as timely "fail[ed]" because he had waited more than one year after "*Begay* was . . . made retroactive on collateral review by the Eleventh Circuit [on] January 6, 2014, . . . [in] *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657 (11th Cir. 2014), and the Eleventh Circuit . . . h[e]ld that *Johnson* [*v. United States*, 559 U.S. 133 (2010),] was to be applied retroactively on collateral review [on] November 21, 2012," in "*Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012)."

Wims moved to alter or amend the judgment. See Fed. R. Civ. P. 59(e). Wims argued that the district court committed a "manifest error of law or fact" by evaluating the timeliness of his motion based on the *Johnson* decision issued in 2010 instead of the decision anticipated in 2015. The district court denied Wims's motion summarily and denied his application for a certificate of appealability. We also denied Wims a certificate of appealability.

On January 7, 2016, Wims moved to reopen the judgment on two grounds. *See* Fed. R. Civ. P. 60(b)(1), (b)(6). First, Wims argued that the district court made a "mistake" by failing to consider his argument that "his section 2255 motion . . .

3

would be timely . . . under the then-pending Supreme Court case *Samuel James Johnson v. United States*, 135 S.Ct. 939 . . . (Jan. 9, 2015)," as he had "pointed out in his section 2255 motion." Second, Wims argued that "it would be a miscarriage of justice to permit . . . [the] time-bar ruling to continue to preclude a merits determination of the claim in [his] section 2255 motion that he is actually innocent of his ACCA sentence enhancement in [the] light of the . . . *Johnson* decision."

On January 8, 2016, the district court denied Wims's motion. The district court ruled that Wims's motion to vacate was untimely because "*Johnson* [had] been held not to be retroactive on collateral review" based on *In re Rivero*, 797 F.3d 986 (11th Cir. 2015). Later, the district court issued a certificate of appealability to address "[w]hether *Johnson v. United States*, 135 S.Ct. 2551 (2015), announced a new rule of constitutional law that applies retroactively to cases that are on collateral review."

## II. STANDARD OF REVIEW

We review the denial of a motion for relief for abuse of discretion. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014). Under that standard, we will not disturb a ruling "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* (quoting *Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)).

4

### III. DISCUSSION

A district court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief is warranted when there is "some defect in the integrity of the federal habeas proceeding," *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), attributable to a mistake by the district court, *see Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982). In such instances, the need to preserve the finality of the judgment yields "to the equities of the particular case." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).

The district court abused its discretion when it denied Wims's motion to reopen his proceeding to challenge his sentence. The district court ruled that Wims could not avail himself of the new substantive rule of constitutional law announced in *Johnson* based on our decision in *Rivero*, 797 F.3d 986. But *Rivero* held that *Johnson* announced a new substantive rule of constitutional law that did not apply retroactively to an applicant seeking leave to file a *successive* motion to vacate. *Id.* at 988–91. We stated in *Rivero* that, "[i]f . . . [a] petitioner . . . w[as] seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively." *Id.* at 991. Later, this Court and then the Supreme Court held that *Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time. *Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016);

5

*Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson* applied retroactively to Wims because his motion to vacate was his *first* collateral challenge to his sentence.

"[T]he equities of [this] particular case" warrant reopening Wims's collateral proceeding to decide whether he is entitled to relief under *Johnson. See Seven Elves*, 635 F.2d at 401. Wims has been diligent in pursuing relief under *Johnson*. Wims's motion to vacate was filed prematurely because the Supreme Court had not issued its decision in *Johnson*, yet Wims had to act promptly because he had only one year to benefit from its holding, *see Dodd v. United States*, 545 U.S. 353, 357 (2005). And the deadline would prevent Wims from obtaining leave to file a second motion challenging his sentence under *Johnson*.

Our conclusion that Wims should be afforded an opportunity to challenge his sentence based on *Johnson* should not be construed as expressing a view on the merits of his motion. Because the district court *sua sponte* denied Wims's motion to vacate, the record is undeveloped. The district court must consider, in the first instance, what, if any, effect *Johnson* has on the classification of Wims's prior convictions.

## IV. CONCLUSION

We **VACATE** the order denying Wims's motion for relief, and we **REMAND** for further proceedings.

6